Filed 3/29/24  In re L.R. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re L.R. et al., Persons Coming Under the Juvenile Court Law. | B332255 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 20CCJP03117A-C) |
| Plaintiff and Respondent, | |
| v. | |
| M.M., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kristen Byrdsong, Temporary Judge. Conditionally affirmed and remanded with directions.

Patricia K. Saucier, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, and Kelly G. Emling, Deputy County Counsel, for Plaintiff and Respondent.

_____

Mother appeals from the October 9, 2023 order terminating parental rights to her three children under section 366.26.[1] We conditionally affirm and remand.

The parties are familiar with the facts and procedural history, and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) We therefore resolve this appeal by memorandum opinion pursuant to Standard 8.1 of the Standards of Judicial Administration and consistent with constitutional principles. (Cal. Const., art. VI, § 14 ["Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated"]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263, fn. omitted [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments. [Citation.] In order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"].)

Mother's sole contention on appeal is that the juvenile court and the Los Angeles County Department of Children and Family Services (Department) did not comply with their obligations under the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California statutes (§ 224 et seq.).

_____

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

According to mother, the Department failed to comply with its duty to interview extended maternal family members regarding ICWA despite having contact with several of those family members, or having sufficient information to be able to contact those family members.

State law imposes on the Department a first-step inquiry duty to "interview, among others, extended family members and others who had an interest in the child." (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; see § 224.2, subd. (b).) Federal regulations explain that the term "[e]xtended family member is defined by the law or custom of the Indian child's Tribe or, in the absence of such law or custom, is a person who has reached age 18 and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 C.F.R. § 23.2 (2017).) The duty of initial inquiry includes making a meaningful effort to interview available relatives. (*In re Y.W.* (2021) 70 Cal.App.5th 542, 552–553.)

The Department concedes error—acknowledging that it did not fulfill its duty of inquiry under ICWA because it did not ask the maternal grandfather's family members, maternal uncles E.M. and R.M., maternal aunt R.M., maternal great-grandmother, maternal great-grandfather and maternal step-great-grandfather about possible Indian ancestry—and requests that we conditionally affirm the order terminating mother's parental rights to the children and remand the matter for ICWA inquiry compliance.

We agree with the parties that the Department failed to carry out its duty of initial inquiry under ICWA and related California law when it failed to ask maternal aunt and maternal

3

uncles about possible Indian ancestry, and when it failed to make a reasonable effort to ask maternal grandfather as well. (See *In re H.V., supra*, 75 Cal.App.5th 433, 438; *In re Charles W.* (2021) 66 Cal.App.5th 483, 489.) However, absent some information about the possibility of Indian ancestry, we disagree that the Department had an obligation to locate and interview maternal great-grandmother or maternal step-great-grandfather, as they fall outside the definition of extended family members and the record does not contain any information that they have an interest in the children. (See *In re A.M.* (2020) 47 Cal.App.5th 303, 323 ["ICWA does not obligate the court or [the Department] 'to cast about' for investigative leads"]; cf. *In re A.C.* (2022) 86 Cal.App.5th 130, 132 [Department had duty to inquire regarding Indian ancestry of child's caregiver and prospective adoptive parent, under the statutory language "others who have an interest in the child"].) We therefore conditionally affirm and remand for further proceedings.

## DISPOSITION

The juvenile court's October 9, 2023 order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally affirmed and remanded for proceedings required by this opinion. The court shall order the Department to make reasonable efforts to (1) interview all available extended family members about the possibility of the child's Indian ancestry, including those extended family members that the Department had previously contact with, namely, maternal uncles E.M. and R.M., and maternal aunt R.M., as well as other reasonably available maternal relatives, such as maternal

4

grandfather; and (2) report on the results of those efforts. Nothing in this disposition precludes the court from ordering the Department to make inquiry of the additional family members identified in the record or others who may have an interest in the child. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

NOT TO BE PUBLISHED.


MOOR, J.


I concur:


KIM, J.

In re L.R. et al.
B332255


BAKER, Acting P. J., Dissenting



In *In re H.V.* (2022) 75 Cal.App.5th 433, this court declared
it would "review claims of inadequate inquiry into a child's
Indian ancestry for substantial evidence." (*Id.* at 438.) The
majority gives no indication it has applied that deferential
standard of review in this case. Because there is reasonable,
credible, and solid evidence (see, e.g., *Melissa G. v. Raymond M.*
(2018) 27 Cal.App.5th 360, 374) that supports the juvenile court's
Indian Child Welfare Act (ICWA) determination, I would affirm
the parental rights termination order unconditionally.

One additional feature of this appeal warrants further
comment. In conceding error, the Los Angeles County
Department of Children and Family Services (the Department)
represents this court should order the juvenile court and its own
employees to make ICWA-related inquiry of relatives that do not
qualify as "extended family members." Even this court rejects
that broad concession and orders inquiry only of those who meet
the statutory definition of an extended family member. This
state of affairs leads me to draw two related conclusions. One,
the Department continues to be all too willing to concede error in
these cases. (See, e.g., *In re A.C.* (2022) 86 Cal.App.5th 130, 144-
45 (dis. opn. of Baker, J.).) Two, this court—which previously
held that the duty of inquiry extends beyond extended family

members and must include "'others who have an interest'" in a child (*A.C.*, *supra*, at 132)—must be having second thoughts about the correctness of that prior holding.


BAKER, Acting P. J.